IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GARY LYNN GOODWIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-17-670-D |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On June 19, 2017, Gary Lynn Goodwin (Plaintiff), a state prisoner appearing pro se, brought this action seeking relief under 42 U.S.C. § 1983.[1] Doc. 1.[2] United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

The undersigned advised Plaintiff that his action could not proceed until either he paid the $400 filing fee or the court granted him leave to proceed in forma pauperis (IFP). Doc. 5. The undersigned ordered Plaintiff to cure this

---

[1] Plaintiff's filings can also be read to request mandamus relief. *See* Docs. 1, 3, 6.

[2] Citations to a court document are to its electronic case filing designation and pagination.

deficiency by a date certain, and warned that his failure to do so could result in the dismissal of this action. *Id.*

Plaintiff then submitted a timely but deficient application to proceed IFP. Doc. 7. Detailing those deficiencies, the undersigned specifically advised Plaintiff that he was required to "obtain and submit a certified copy of his trust account statements (or the institutional equivalent) from the appropriate official of each penal institution or jail at which he is or was confined for the six-month period before June 19, 2017, the date he filed his complaint." Doc. 8, at 1. The undersigned explained that "Plaintiff's application includes only a copy of his Inmate Deposit History reflecting four deposits from April 26, 2017 until June 13, 2017" along with "a certification that on June 27, 2017, he had $74.88 in his institutional accounts." *Id.* at 1-2. And, the undersigned further advised that "even as to that limited period of time, Plaintiff had failed to include, as he must, a copy of his Detainee Transaction History (or institutional equivalent)." *Id.* at 2.

The undersigned ordered Plaintiff to cure all deficiencies by August 1, 2017, and cautioned that his "[f]ailure to comply with this order will likely result in the dismissal of this action." *Id.* Plaintiff failed to respond in any manner. The undersigned then gave him "one **final** opportunity" to comply with the order to cure his deficient IFP application and warned that his failure to do so by August 24, 2017 would result in the "**recommend**[ed] **dismissal**

**of this action without prejudice and without further notice.**" Doc. 9, at 2.

The undersigned's orders, Docs. 8, 9, were sent to the last address Plaintiff provided to the court, *see* Doc. 7, and neither has been returned to the court as undeliverable. Under this Court's local rules (LCvR), the orders are "deemed delivered." LCvR 5.4(a).[3] To date, however, Plaintiff has not complied with those orders or shown good cause for his failure to do so. After filing his deficient IFP application on June 30, 1017, Doc. 7, Plaintiff simply stopped communicating with the court. Plaintiff's failure to comply with court orders, together with a court's right and responsibility to manage and control its caseload, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (noting the court applies Fed. R. Civ. P. 41(b) to allow sua sponte dismissal for "failure to . . . comply with the rules of civil procedures or court's orders").

## Recommendation and Notice of Right to Object

For the stated reasons, the undersigned recommends the dismissal of Plaintiff's action under Fed. R. Civ. P. 41(b), without prejudice to refiling. Adoption of this recommendation will moot Plaintiff's pending motions, Docs. 6, 7.

---

[3] The court's docket sheet shows that on June 19, 2017, the Clerk of Court notified Plaintiff of his obligation to notify the court of any change of address.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 25, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of September, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE